1

Susan Frisbie
508 Redbud Way

2

Nevada City, CA  95959-2156
(775) 230-9339

3

nevadasierras@yahoo.com

4

PRO SE

**FILED**

SEP 13 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

5

6

7

8

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

9

10

SUSAN FRISBIE, pro se,

Case No.: **2 13 - CV - 1 9 0 7** TLN EFB PS

11

Plaintiff,

12

**VERIFIED COMPLAINT AND
DEMAND FOR TRIAL BY JURY**

vs.

13

**(Unlawful Credit Reporting Practices,
Unlawful Debt Collection Practices, and
Unlawful Telephone Practices with
Consumers)**

14

PORTFOLIO RECOVERY ASSOC., LLC

15

Defendants

16

17

### PRELIMINARY STATEMENT

18

19

This is an action for damages brought for violations of the Fair Credit Reporting Act

20

(FCRA) 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §

21

1692 *et seq.*, the Rosenthal Fair Debt Collection Practices Act (RFDCPA) Calif. Civ. Code §1788

22

*et seq.*, and the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 *et seq.*

23

### JURISDICTION AND VENUE

24

1.  This court has jurisdiction under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), 47 U.S.C. §

25

227(f)(2), and 28 U.S.C. § 1331, and 28 U.S.C. §1367 grants this court supplemental

26

jurisdiction over the state claims contained herein.

27

28

2. The occurrences which give rise to this action occurred in Nevada County, California, and Plaintiff resides in Nevada County, California.

3. Venue is proper in the Eastern District of California Sacramento Division pursuant to 28 U.S.C. § 1391(b)(2).

4. All conditions precedent to the bringing of this action have been performed.

## PARTIES

5. The Plaintiff in this lawsuit is Susan Frisbie, a natural person, who resides in Nevada County, California.

6. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC is a debt collector as that term is defined by 15 U.S.C. §1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt by contacting the Plaintiff.

7. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC is a national company with headquarters in Norfolk, Virginia.

8. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC conducts business in the state of California.

## FACTUAL ALLEGATIONS

9. Plaintiff received a debt collection letter from Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC on or about January 22, 2013 demanding payment of an alleged debt in the amount of $3,442.51 which they reportedly purchased from U.S. Bank National Association ND.

10. On February 4, 2013, Plaintiff sent a timely demand for validation of the alleged debt to Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC by certified mail #70033110000030251444.

PLAINTIFF'S VERIFIED COMPLAINT

11. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC received Plaintiff's demand for validation letter on February 7, 2013 per the U.S.P.S. Mail Track & Confirm.

12. On February 11, 2013, Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC obtained Plaintiff's consumer credit report from TransUnion.

13. Plaintiff received a debt collection letter dated February 11, 2013, from Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC on or about February 13, 2013 stating that the account and its proceeds had been sold, assigned and transferred to Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC and that they had been provided an electronic file concerning the account.  According to their seller's records, $3,442.51 was due and payable from Plaintiff.

14. On March 4, 2013, Plaintiff sent another demand for validation of the alleged debt to Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC by certified mail #70033110000030251468.  Plaintiff requested proof of permissible purpose of the February 11, 2013 credit inquiry in the same letter.

15. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC received Plaintiff's demand for validation and proof of permissible purpose letter on March 6, 2013 per the U.S.P.S. Mail Track & Confirm.

16. Plaintiff received a collection letter from Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC on or about March 8, 2013 stating that they were in receipt of the dispute and that the account was under investigation.  Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC's letter stated "This letter is from a debt collector" and indicated there was a balance of $3,442.51 regarding the referenced alleged account.

17. On March 19, 2013, Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC obtained

Plaintiff's consumer credit report from TransUnion.

18. On March 22, 2013, Plaintiff sent another demand for validation of the alleged debt to

Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC by certified mail

#70033110000030251482.

19. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC received Plaintiff's demand

for validation letter on March 25, 2013 per the U.S.P.S. Mail Track & Confirm.

20. During the month of March 2013, Defendant PORTFOLIO RECOVERY ASSOCIATES,

LLC reported a delinquent account on Plaintiff's consumer credit report with Experian,

TransUnion, and Equifax.

21. Plaintiff received no response at any time to her communication demanding validation of

the alleged debt or proof of permissible purpose in making the credit inquiry from

Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC from March 22, 2013 until

August 8, 2013, when Plaintiff received a call on her cell phone from Defendant

PORTFOLIO RECOVERY ASSOCIATES, LLC attempting to collect the alleged debt.

22. On June 14, 2013, Plaintiff obtained her consumer credit report from TransUnion.

23. Plaintiff determined after examination of her TransUnion consumer credit report that

Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC had listed her as having a

delinquent account.

24. On July 8, 2013, Plaintiff obtained her consumer credit report from Experian.

25. Plaintiff determined after examination of her Experian consumer credit report that

Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC had listed her as having a

delinquent account.

26. On July 20, 2013, Plaintiff sent a dispute to TransUnion and Experian regarding the PORTFOLIO RECOVERY ASSOCIATES, LLC account information and requested its removal.

27. On July 23, 2013, Plaintiff sent a dispute to Equifax regarding the PORTFOLIO RECOVERY ASSOCIATES, LLC account information and requested its removal.

28. On August 8, 2013, Plaintiff received a call on her cell phone from PORTFOLIO RECOVERY ASSOCIATES, LLC requesting Plaintiff to make some payment arrangements regarding the alleged debt. Plaintiff informed Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC that they had never properly validated the debt. The caller for Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC looked up his paperwork and stated, "The letter went out yesterday. You haven't received it yet." Plaintiff informed the caller that she had disputed the alleged debt three times and that it had never been sufficiently validated. Plaintiff demanded that Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC not call her again without the debt being properly validated.

29. On August 12, 2013, Plaintiff received a collection letter dated August 6, 2013 and postmarked August 9, 2013 from Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC responding to Plaintiff's dispute in which they provided a copy of a statement from U.S. Bank as validation.

30. On August 12, 2013, Plaintiff received a separate collection letter, undated, from Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC stating that Plaintiff's disputes had been substantially the same, and thus per the FCRA "that such dispute is frivolous or irrelevant." Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC went

on to say, "If we continue to receive subsequent correspondence from you regarding a dispute that has already been resolved, we will consider your inquiry answered. No further replies will be forthcoming unless you provide the information we need to assist you. Our office considers this matter closed."

31. On August 19, 2013, Plaintiff received a collection letter, dated August 15, 2013, from Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC stating, "In our previous letter to you, we requested that you send our company additional information pertaining to the account referenced above so that the Disputes Department could complete the investigation of the alleged dispute. To date, we have not received this information and cannot complete the investigation. Since we have not received this information, we are terminating the disputes investigation pertaining to this account and our company will no longer treat this account as a disputed account."

32. On August 23, 2013, Plaintiff received a call on her cell phone from Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC.

33. On August 24, 2013, Plaintiff received a collection letter from Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC dated August 21, 2013 notifying Plaintiff that the account was being transferred to their Litigation Department and that payment arrangements needed to be made with Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC by August 20, 2013 in order to avoid litigation.

34. On August 27, 2013, Plaintiff sent a fourth demand for validation of the alleged debt to Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC by certified mail #70033110000030251444. Plaintiff noted in her letter that neither Defendant's provision of a summary of information they had received from an electronic file regarding the

alleged account, nor a 2-page copy of a bank statement from U.S. Bank, was proper validation of the alleged debt.

35. On August 28, 2013, Plaintiff received a call on her cell phone from Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC's Litigation Department attempting to collect the alleged debt.

36. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC received Plaintiff's demand for validation letter on August 30, 2013 per the U.S.P.S. Mail Track & Confirm.

37. On September 7, 2013, Plaintiff received a debt collection letter dated September 4, 2013, from Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC stating that they had not received the additional information they had requested in order to investigate the account and therefore, were terminating their investigation and would no longer treat the account as disputed.

38. Plaintiff received no response at any time to her March 4, 2013 demand for validation of permissible purpose for Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC obtaining her credit report on February 11, 2013.

39. Discovery of FCRA violations brought forth herein occurred in June 2013 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

## COUNT I

## VIOLATION OF FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b WILLFUL NON-COMPLIANCE BY DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC

40. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

41. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

42. Experian, TransUnion, and Equifax are credit reporting agencies within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

43. Consumer credit report is a consumer report within the *meaning* of the FCRA, 15 U.S.C. § 1681a(d)(1).

44. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

45. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

46. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC

47. At no time did Plaintiff give her consent for Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC to acquire her consumer credit report from any credit reporting agency.

48. On February 11, 2013, Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC obtained the TransUnion consumer credit report of Plaintiff with no permissible purpose, in violation of the FCRA, 15 U.S.C. § 1681b (Exhibit 'A').

49. On March 19, 2013, Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC obtained the TransUnion consumer credit report of Plaintiff with no permissible purpose, in violation of the FCRA, 15 U.S.C. § 1681b (Exhibit 'A').

50. On August 15, 2013, Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC obtained the TransUnion consumer credit report of Plaintiff with no permissible purpose, in violation of the FCRA, 15 U.S.C. § 1681b (Exhibit 'B').

51. The actions of Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC in obtaining the consumer credit report of Plaintiff three different times with no permissible purpose, or Plaintiff's consent, was a willful violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

**WHEREFORE**, Plaintiff, Susan Frisbie, demands judgment be entered against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC for the following:

52. Statutory damages in the amount of $1,000 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681p, for each of the three violations.

53. Any attorney's fees and costs pursuant to 15 U.S.C. § 1681n.

54. Any other relief that this Honorable Court deems appropriate.

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 *et seq.* BY DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC

55. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

56. Plaintiff is a consumer within the meaning of the FDCPA § 1692a(3).

57. PORTFOLIO RECOVERY ASSOCIATES, LLC is a debt collector within the meaning of the FDCPA § 1692a(6).

58. In March 2013 Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC reported a delinquent account to all three credit reporting agencies on Plaintiff's consumer credit reports. Additionally, on August 8, 2013 Plaintiff received a call on her cell phone from

Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC attempting to collect a debt that had not been validated. Plaintiff had received a previous collection notice from Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC and had made a timely demand for validation of the alleged debt. That demand had not been properly complied with. Subsequent reporting of a delinquent account with all three credit reporting agencies, as well as Plaintiff's receipt of additional letters demanding payment to Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC and calls to Plaintiff's cell phone, were a blatant violation of 15 U.S.C. §1692g(b).

59. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC used "false representation or deceptive means to collect or attempt to collect any debt," in violation of 15 U.S.C. §1692e(10), when they reported the false delinquent account on all three of Plaintiff's consumer credit reports.

60. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC made false information available to other persons who might obtain Plaintiff's consumer credit report when they placed the delinquent account with the three credit reporting agencies; thereby Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC engaged in "communicating or threatening to communicate to any person credit information which is known or should be known to be false," in violation of 15 U.S.C. §1692e(8).

61. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC has violated 15 U.S.C. §1692d by repeatedly harassing Plaintiff and continuing in attempts to collect an alleged but non-existent debt.

62. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC has violated 15 U.S.C. §1692g(b) by "overshadowing" with a barrage of collection letters and phone calls

attempting to collect the alleged debt on 8/8/13, two letters on 8/12/13, 8/19/13, 8/23/13,

8/24/13, and 8/28/13 resulting in information that would be confusing and conflicting to

the least sophisticated consumer.

63. Plaintiff has no contractual obligation to pay Defendant PORTFOLIO RECOVERY

ASSOCIATES, LLC on any alleged debt.

**WHEREFORE,** Plaintiff, Susan Frisbie, demands judgment be entered against Defendant

PORTFOLIO RECOVERY ASSOCIATES, LLC, for the following:

64. Statutory damages in the amount of $1,000 pursuant to the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692k(2)(A).

65. Any attorney's fees and costs pursuant to 15 U.S.C. § 1692k(2)(A).

66. Any other relief that this Honorable Court deems appropriate.

## COUNT III

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA) CAL. CIV. CODE § 1788 *et seq.* BY DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC

67. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

68. Plaintiff is a consumer within the meaning of FDCPA § 1692a(3) and Cal. Civ. Code § 1788.2(d).

69. PORTFOLIO RECOVERY ASSOCIATES, LLC is a debt collector within the meaning of

FDCPA § 1692a(6) and Cal. Civ. Code § 1788.2(d).

70. In March 2013 Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC reported a

delinquent account to all three credit reporting agencies on Plaintiff's consumer credit

reports. Additionally, on August 8, 2013 Plaintiff received a call on her cell phone from

Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC attempting to collect a debt

1  that had not been validated.  Plaintiff had received a previous collection notice from

2  Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC and had made a timely

3  demand for validation of the alleged debt.  That demand had not been properly complied

4  with.  Subsequent reporting of a delinquent account with all three credit reporting agencies,

5  as well as Plaintiff's receipt of additional letters demanding payment to Defendant

6  PORTFOLIO RECOVERY ASSOCIATES, LLC and calls to Plaintiff's cell phone, were a

7  violation of Cal. Civ. Code § 1788.17 of the RFDCPA by failing to comply with the

8  statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* to wit: Section

9  1692g(b).

10  71. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC used "false representation or

11  deceptive means to collect or attempt to collect any debt," in violation of Cal. Civ. Code §

12  1788.17 of the RFDCPA by failing to comply with the statutory regulations contained

13  within the FDCPA, 15 U.S.C. § 1692 *et seq.* to wit: Section 1692e(10), when they reported

14  the false delinquent account on all three of Plaintiff's consumer credit reports.

15  72. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC  made false information

16  available to other persons who might obtain Plaintiff's consumer credit report when they

17  placed the delinquent account with the three credit reporting agencies; thereby Defendant

18  PORTFOLIO RECOVERY ASSOCIATES, LLC engaged in "communicating or

19  threatening to communicate to any person credit information which is known or should be

20  known to be false," in violation of Cal. Civ. Code § 1788.17 of the RFDCPA by failing to

21  comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et*

22  *seq.* to wit: Section 1692e(8).

73. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC has violated Cal. Civ. Code § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* to wit: Section §1692d by repeatedly harassing Plaintiff and continuing in attempts to collect an alleged but non-existent debt.

74. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC has violated Cal. Civ. Code § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* to wit: Section §1692g(b) by "overshadowing" with a barrage of collection letters and phone calls attempting to collect the alleged debt on 8/8/13, two letters on 8/12/13, 8/19/13, 8/23/13, 8/24/13, and 8/28/13 resulting in information that would be confusing and conflicting to the least sophisticated consumer.

75. Plaintiff has no contractual obligation to pay Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC on any alleged debt.

**WHEREFORE**, Plaintiff, Susan Frisbie, demands judgment be entered against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC for the following:

76. Statutory damages in the amount of $1,000 pursuant to the Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code § 1788.30(b).

77. Any attorney's fees and costs pursuant to 15 the Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code § 1788.30(c).

78. Any other relief that this Honorable Court deems appropriate.

## COUNT IV

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227 *et seq.* BY DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC**

79. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

80. On August 8, 2013 at about 8:09 a.m. Defendant PORTFOLIO RECOVERY
ASSOCIATES, LLC called Plaintiff's cell phone without prior permission or for
emergency purposes from phone number 800-772-1413 (Exhibit 'C').

81. On August 23, 2013 at about 5:22 p.m. Defendant PORTFOLIO RECOVERY
ASSOCIATES, LLC called Plaintiff's cell phone without prior permission or for
emergency purposes from phone number 866-428-8102 (Exhibit 'D').

82. On August 28, 2013 at about 9:01 a.m. Defendant PORTFOLIO RECOVERY
ASSOCIATES, LLC called Plaintiff's cell phone without prior permission or for
emergency purposes from phone number 866-428-8102 (Exhibit 'E').

83. The communications in question here are all related to the collection of a consumer debt.

84. The acts alleged herein all took place in Nevada County, in that the offending calls were
received there.

85. Plaintiff has no prior or present established relationship with Defendant PORTFOLIO
RECOVERY ASSOCIATES, LLC.

86. Plaintiff has never given Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC
express permission to call Plaintiff's cellular phone.

87. Plaintiff has no contractual obligation to pay Defendant PORTFOLIO RECOVERY
ASSOCIATES, LLC for any alleged debt.

88. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC continues to attempt to
enforce and collect a non-existent debt.

89. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C.
§227(b)(1)(A)(iii) by using an automatic telephone dialing system to call Plaintiff's cell
phone.

90. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C.

§227(b)(1)(A)(iii) by calling the Plaintiff's phone number, which is assigned to a cellular

telephone service contrary 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

(1) PROHIBITIONS.—it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

**WHEREFORE**, Plaintiff, Susan Frisbie, demands judgment be entered against Defendant

PORTFOLIO RECOVERY ASSOCIATES, LLP, for the following:

91. Statutory damages in the amount of $1,500 for each of the three violations pursuant to the

Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227(b)(3).

92. Any attorney's fees and costs pursuant to the Telephone Consumer Protection Act (TCPA),

47 U.S.C. §227(b)(3).

93. Any other relief that this Honorable Court deems appropriate.

## <u>COUNT IV</u>

### <u>DEFENDANT'S VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(c)(5)</u>

94. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

95. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(c)(5)

by calling the Plaintiff's phone number more than once during a 12-month period.

96. Defendant called the Plaintiff's cellular phone, contrary to 47 U.S.C. §227(c)(5).

1   **WHEREFORE**, Plaintiff, Susan Frisbie, demands judgment be entered against Defendant

2   PORTFOLIO RECOVERY ASSOCIATES, LLP, for the following:

3   97. Statutory damages in the amount of $1,500 for each of the three violations pursuant to the

4   
5       Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227(c)(5).

6   98. Any attorney's fees and costs pursuant to the Telephone Consumer Protection Act (TCPA),

7       47 U.S.C. §227(c)(5).

8   99. Any other relief that this Honorable Court deems appropriate.

9   
10
11                                      RESPECTFULLY SUBMITTED,

12  Dated: September 13, 2013

13
14                                      _____
                                        Susan Frisbie
15                                      508 Redbud Way
                                        Nevada City, CA  95959-2156
16                                      (775) 230-9339

17
18
19                      **DEMAND FOR JURY TRIAL**

20          PLEASE TAKE NOTICE that Plaintiff, Susan Frisbie, hereby demands trial by jury

21  in this action.

22
23
24
25
26
27
28
                                    - 16 -
                        PLAINTIFF'S VERIFIED COMPLAINT

1
## VERIFICATION OF COMPLAINT AND CERTIFICATION

2
(STATE OF CALIFORNIA)

3

4
    Plaintiff, SUSAN FRISBIE, states as follows:

5
1. I am the Plaintiff in this civil proceeding.

6
2. I wrote the above-entitled civil Complaint, and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

7
3. I believe that this civil Complaint is well-grounded in fact and warranted by existing law or by a good-faith argument for the extension, modification or reversal of existing law.

8

9
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

10
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

11
6. Each and every exhibit I have attached to this Complaint is a true and correct copy of the original.

12
7. Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwriting notations.

13

14
    Pursuant to 28 U.S.C. §1746(2), I, SUSAN FRISBIE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

15

16

17
DATE: _Sept. 13, 2013_      _Susan Frisbie_

18
    SUSAN FRISBIE    Notary Acknowledgement Attached

19
     9.13.13

20
State of California   }    Type of Document: _Verified Complaint & Demand for_

21
County of Nevada   }    Document Date: _9.13.13_ _Trial by Jury_ _No. of Pages:_ _27_

22
On _Sept. 13, 2013_ , the above named Affiant personally appeared before me, a Notary, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person upon behalf of which the person acted, executed the instrument.

23

24
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

25

26
WITNESS my hand and official seal.

27
_[signature]_

28
Signature of Notary Public

V. NEVINS YOUNG
Commission # 1926207
Notary Public - California
Nevada County
My Comm. Expires Mar 19, 2015

- 17 -
PLAINTIFF'S VERIFIED COMPLAINT

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of _Nevada_

On _Sept. 13, 2013_ before me, _V Nevins Young Notary Public_,
<span style="font-size:small">(Here insert name and title of the officer)</span>

personally appeared _Susan Frisbie_,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

V. NEVINS YOUNG
Commission # 1926207
Notary Public - California
Nevada County
My Comm. Expires Mar 19, 2015

(Notary Seal)

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

_Verification of Complaint_
(Title or description of attached document)

_Certificate_
(Title or description of attached document continued)

Number of Pages _28_ Document Date _9.13.13_

_To document: Verified Complaint and demand for Trial by Jury_
(Additional information)

### CAPACITY CLAIMED BY THE SIGNER
- ☐ Individual (s)
- ☐ Corporate Officer
  _____
  (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM
*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they,- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT A</u>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

## Account Review Inquiries

The listing of a company's inquiry in this section means that they obtained information from your credit file in connection with an account review or other business transaction with you. These inquiries are not seen by anyone but you and will not be used in scoring your credit file (except insurance companies may have access to other insurance company inquiries and users of a report for employment purposes may have access to other employment inquiries, where permitted by law).

### PORTFOLIO RECOVERY ASSOC
140 CORPORATE BLVD
NORFOLK, VA 23502
Phone number not available
**Requested On: 03/19/2013**

### PORTFOLIO RECOVERY ASSO
140 CORPORATE BLVD
NORFOLK, VA 23502
Phone number not available
**Requested On: 02/11/2013**

- 19 -
PLAINTIFF'S VERIFIED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT B</u>

1

2

3

4

5

6

7

8

## Account Review Inquiries

The listing of a company's inquiry in this section means that they obtained information from your credit file in connection with an account review or other business transaction with you. These inquiries are not seen by anyone but you and will not be used in scoring your credit file (except insurance companies may have access to other insurance company inquiries and users of a report for employment purposes may have access to other employment inquiries, where permitted by law).

10

11 **PORTFOLIO RECOVERY ASSOC**

140 CORPORATE BLVD
NORFOLK, VA 23502
12 Phone number not available

13 **Requested On:** 08/15/2013

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 21 -
PLAINTIFF'S VERIFIED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT C</u>



Call 10

Name unknown
800-772-1413
8:09am 8/8/13
[1:00:24]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT D



Call 10

Name unknown
55-128-9112
22pm 8/23/13
3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT E</u>

PLAINTIFF'S VERIFIED COMPLAINT

